JOHANNA C. DE RYSS, as Administratrix, etc., of EMIL DE RYSS, Deceased, Appellant, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent, and JOSEPH M. HARD, Appellant, and ANDREW JERICK, Defendant.— Action to recover for wrongful death. Plaintiff's decedent, while on property adjoining the railroad's right of way, was negligently shot by defendant Jerick while said Jerick was endeavoring to shoot ducks. Jerick was upon the signal tower or bridge of the railroad company at the invitation of or with the acquiescence of the railroad's signal maintenance man, defendant Hard. Judgment in so far as it is in favor of plaintiff and against defendant Hard unanimously affirmed, with costs. Judgment in so far as it dismisses the complaint against defendant railroad company, and order denying plaintiff's motion to set aside the directed

verdict and for a new trial as to it, reversed on the law, with costs to the appellant, respondent, motion granted to the extent of setting aside said directed verdict, verdict directed against defendant railroad company and judgment rendered in favor of plaintiff upon said verdict accordingly. Hard was under a duty to prevent the use of the signal tower or bridge by Jerick, by virtue of the rules and instructions of the railroad company, which were for the benefit of the public, including decedent. These rules simply further the railroad's common law obligation, as one in possession of land, to make such reasonable use of it that others will not be endangered, and its corresponding duty not to allow its land to be used by individuals in a manner that endangered third parties. Hard's invitation to Jerick to use the property, or his acquiescence in such use, for the purpose of shooting ducks with a rifle was a violation of duty to the railroad. His omission to enforce the rules by way of excluding a trespasser so engaged was likewise a breach of duty to plaintiff's decedent. The defendant railroad company was responsible for such uses of its property as occurred by reason of the act or omission of Hard. (*Althorf* v. *Wolfe*, 22 N. Y. 355; *Appel* v. *Muller*, 262 id. 278, 283; *Fletcher* v. *Baltimore & Potomac Railroad*, 168 U. S. 135, 138; *Williams* v. *Koehler & Co.*, 41 App. Div. 426; *Grant* v. *Knepper*, 245 N. Y. 158; *Salisbury* v. *Erie R. R. Co.*, 66 N. J. L. 233; 50 A. 117; Labatt Master and Servant [2d ed.], §§ 2277, 2282.) The knowledge of Hard was the knowledge of the railroad company. He was in sole charge of the instrumentalities of the railroad which he allowed Jerick to use. The rank of an employee is not determinative of the degree of his representation of the master. (Labatt Master and Servant [2d ed.], §§ 1052, 1434, 1435, 2224; *Shemwell* v. *Owensboro & N. R. R. Co.*, 117 Ky. 556; 78 S. W. 448; *Flike* v. *Boston & Albany R. R. Co.*, 53 N. Y. 549; *Crispin* v. *Babbitt*, 81 id. 516.) Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.